IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES B. WILLIAMS | ) |
| | ) |
| Plaintiff, | ) Case No. 1:24-cv-00048-SPB |
| | ) |
| v. | ) |
| | ) |
| PARKER-HANNIFIN CORPORATION, | ) |
| | ) |
| Defendant | ) |

## FIRST AMENDED COMPLAINT

AND NOW, to wit, comes the plaintiff, James B. Williams, by and through his attorney, Richard T. Ruth, Esq., and brings the following averments:

## FACTS

1. Plaintiff is James B. Williams, an adult individual who resides in Erie County, Pennsylvania.

2. Defendant is Parker-Hannifin Corporation, an Ohio corporation with plants in Pennsylvania, and an official service address of CT Corporation, Dauphin County, Pennsylvania.

3. Plaintiff began employment as a full time, salaried, exempt employee of Lord Corporation in Erie County, Pennsylvania in June, 1993.

1

4. Plaintiff remained continuously employed by Lord Corporation until Lord Corporation was acquired by defendant in October, 2019, and thereafter employed by defendant as a full time, salaried, and exempt employee.

5. Throughout his employment, at both Lord Corporation and defendant, plaintiff received solid performance evaluations and was not subject to any discipline.

6. On November 9, 2022, plaintiff was terminated by defendant.

7. At the date of his termination, defendant had in effect a severance pay policy for its employees, a copy of which is attached as **Exhibit A**.

8. Upon information and belief, plaintiff avers his termination was not based on any facts which could honestly support a conclusion his termination was for cause.

9. Defendant's severance pay is a benefit earned by years of service which may only be denied upon honest facts supporting a conclusion of cause.

10. In 1998 or 1999, plaintiff was asked by Lord Corporation to sign a Supplemental Employee Agreement in exchange for non-compete and non-solicitation promises.

11. About the time plaintiff was asked to sign the Supplemental Employee Agreement, a group meeting was convened with employees so asked; that

meeting was conducted by Brenda Little, the then Human Resources Manager of Lord Corporation.

12. At this group meeting, HR Manager Little explained that the consideration the signing employees would receive included making their severance pay permanent.

13. Relying on HR Manager Little's explanation, as above just set forth, plaintiff signed the Supplemental Employee Agreement but no longer has a copy of what he then signed.

14. In early 2000, plaintiff was again asked to a sign what appeared a re-issuance of the document he had signed in 1998 or 1999; plaintiff does not recall the reason why he was so asked in 2000.

15. Nevertheless, relying on HR Manager Little's prior explanation, above set forth, plaintiff signed what appeared to be a re-issued Supplemental Employee Agreement on May 3, 2000; a copy of this document is attached as **Exhibit B.**

16. Defendant has refused and continued to refuse to pay plaintiff any severance pay.

## LEGAL AVERMENTS

17. Paragraphs 1-16 above are hereby incorporated by reference as if the same were here fully stated.

18. Plaintiff's claim for unpaid severance pay constitutes a claim for "wages and/or fringe benefits or wage supplements" as defined by the Pennsylvania Wage Payment and Collection Law (PWPCL), 43 P.S. §260.2a, which definition specifically includes "separation pay/"

19. Defendant is an "employer" as defined in 43 P.S. §260.2a of the PWPCL.

20. The PWPCL at 43 P.S. §260.3(b) provides every employer shall pay fringe benefits and wage supplements due employees within ten days after such payments are required to be made directly to employees.

21. Plaintiff's claim for severance pay is now unpaid for over one year from his termination and more than 60 days following formal demand for such pay.

22. 43 P.S. § 260.9a provides civil remedies to an employee who has a claim for unpaid fringe benefits and wage supplements.

23. 43 P.S. §260.10 provides that where no good faith contest or dispute of any fringe benefit or wage supplement claim exists, the employee shall be entitled to liquidated damages equal to 25% of the total amount of the fringe benefit due, or $500, whichever is greater.

24. Plaintiff's severance/separation pay claims remains unpaid since more than 30 days since his last regular pay and defendant has failed to set forth a good faith contest regarding this claim (Defendant contends its severance pay policy is entirely discretionary, and even if not deemed so, then defendant asserts it had cause for denying plaintiff's severance pay).

25. Plaintiff's damages, exclusive of interest, are:

   A. Unpaid severance/separation pay: $140,000 annual salary divided by 52 weeks equals $2692.31 times maximum of 26 weeks equals **$70,000**.

   B. 25% liquidated damages times $70.000 equals **$17,500.00**

   C. Total of A and B is **$87,500.00**.

WHEREFORE, plaintiff demands judgment against defendant for $87,500.00, plus pre-judgment interest, plus a reasonable attorney fee, as set in 43 P.S. §260.9a, plus the costs of suit.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/ Richard T. Ruth, by
_____
Richard T. Ruth, Esq.
Attorney for Plaintiff
1026 West 26th Street
Erie, PA   16508
814-453-6606 office
814-453-5047 fax
rt@rtruth.net