IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES B. WILLIAMS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>PARKER-HANNIFIN CORPORATION, )<br>)<br>Defendant. ) | Case No. 1:24-CV-00048 |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

### I.  Introduction

Plaintiff James B. Williams ("Plaintiff") worked for Lord Corporation -- later acquired by Defendant Parker-Hannifin Corporation ("Defendant") -- continuously from June 1993 until his termination on November 9, 2022. Following his termination, Plaintiff filed this civil action in which he asserts a single claim under the Pennsylvania Wage Payment and Collection Law (PWPCL), 43 P.S. §260.2a., based on the Defendant's denial of severance pay.

Defendant has moved to dismiss Plaintiff's Amended Complaint, which is the operative pleading. The matter has been briefed and is now ripe for adjudication. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

### II.  Factual Averments

During the course of his employment at both Lord Corporation and Defendant Parker-Hannifin Corporation, Plaintiff received "solid performance evaluations" and was not subject to any discipline. ECF No. 6, ¶5. As of the date of his termination -- November 9, 2022,

1

Defendant had in effect a severance pay policy for its employees. Id., ¶7; ECF No. ECF 6-1. The policy provided that

> Full-Time Salaried (exempt and non-exempt) employees may be eligible for severance pay when employment is involuntarily terminated for reasons other than termination for cause. Severance pay is not available when employment is terminated because of retirement, disability, resignation, or death. This policy does not apply to plant closures, or the sale of a product line, plant, division, or business. Severance pay is not available to employees who resign before a designated termination date.

ECF No. 6-1. Plaintiff avers that "severance pay is a benefit earned by years of service which may only be denied upon honest facts supporting a conclusion of cause." ECF No. 6, ¶9. Plaintiff states, upon information and belief, that his termination was not "for cause." Id. at ¶8.

In 1998 or 1999, Plaintiff was asked by Lord Corporation to sign a Supplemental Employee Agreement with a non-compete and non-solicitation provisions. ECF No. 6, ¶10. During a group meeting that was held around this time, Human Resources Manager Brenda Little explained that the consideration that was being given to employees who signed the agreement included making their severance pay permanent. Id., ¶¶11-12. Plaintiff signed the Supplemental Employee Agreement in reliance on Ms. Little's explanation. Id. at ¶13.

In early 2000, Plaintiff was asked to sign what appeared to be a re-issuance of the Supplemental Employee Agreement he had signed in 1998 or 1999. ECF No. 6, ¶14; see also ECF No. 6-2. Plaintiff does not recall the reason why he was asked to sign this 2000 document, but he did so in reliance on the representations that Ms. Little had made during the earlier group meeting. ECF No. 6, ¶¶14-15.

After Plaintiff was fired from his job, he was denied severance pay. He alleges that the Defendant's continued denial of severance pay violates the PWPCL. Defendant contends that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2

Defendant has moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

### III.   Standard of Review 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court need not accept as true unsupported conclusions and unwarranted inferences. *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678.

In deciding a motion to dismiss, courts generally consider only the allegations contained in the complaint, any exhibits attached to the complaint, and matters of public record. *Pryor v. Nat'l Collegiate Athletic Assoc.*, 288 F.3d 548, 560 (3d Cir.2002). Courts also may consider a document that a defendant attaches as an exhibit to a motion to dismiss, if the authenticity of the document is undisputed and the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV.   Analysis**

The PWPCL "does not create a right to compensation. Rather, it provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages. The contract between the parties governs in determining whether specific wages are earned." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990) (citations omitted). Under the PWPCL, the term "wages" includes severance pay to which an employee is contractually entitled. *See* 43 P.S. § 260.2a (defining "Wages" to include "Fringe benefits or wage supplements" and defining the latter term to include "separation . . . pay"); *see Riley v. Oldham Glob., LLC,* No. CV 24-1487, 2025 WL 489860, at *2 (E.D. Pa. Feb. 13, 2025) (noting that "the consensus among state and federal courts in Pennsylvania is that the PWPCL, 43 Pa. C.S. § 260.1, encompasses severance payments") (citing cases). Consequently, to prevail on his PWPCL claim, Plaintiff must allege and ultimately prove that he was contractually entitled to receive severance pay from Defendant and that he was denied such pay. *See Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011) ("To present a [WPCL] claim, the employee must aver a contractual entitlement to compensation from wages and a failure to pay that compensation.").

Here, Plaintiff identifies two contractual sources of his alleged entitlement to severance pay benefits, either of which, if proven, would support a claim under the PWPCL. First, he points to the Defendant's Severance Pay Policy, which specifically addresses severance pay. ECF No. 6-1. Second, he points to a Supplemental Employee Agreement that he signed in May 2000 and claims that this agreement incorporates a guarantee of severance benefits. ECF No. 6-2. The Court evaluates Plaintiff's PWPCL clam in light of Pennsylvania contract principles.

Under Pennsylvania law, courts are tasked with interpreting "the intent of the contracting parties, as they objectively manifest it." *Sanford Inv. Co. v. Ahlstrom Mach. Holdings, Inc.*, 198

F.3d 415, 421 (3d Cir. 1999). As an initial step, the court must determine whether the contract is ambiguous. *Id.* A contract is ambiguous if more than one reasonable interpretation exists. *Ungarean v. CNA & Valley Forge Ins. Co.*, 323 A.3d 593, 604 (Pa. 2024). Where the contract is clear and unambiguous, the plain meaning of the terms control. *Vinculum, Inc. v. Goli Techs., LLC*, 310 A.3d 231, 244 (Pa. 2024).

Plaintiff first contends that his entitlement to severance pay benefits derives, in part, from the Defendant's Severance Pay Policy, which states:

> Full-Time Salaried (exempt and non-exempt) employees may be eligible for severance pay when employment is involuntarily terminated for reasons other than termination for cause. Severance pay is not available when employment is terminated because of retirement, disability, resignation, or death. This policy does not apply to plant closures, or the sale of a product line, plant, division, or business. Severance pay is not available to employees who resign before a designated termination date.

ECF No. 6-1.

According to Defendant, this language unambiguously establishes that severance pay is only discretionary, not contractually guaranteed, since the policy states that employees "may" be eligible for such benefits. Defendant basis its argument on the Pennsylvania rule of construction that "may" must always be given a permissive, as opposed to a mandatory, interpretation. ECF No. 11 at 6 (citing cases).

Plaintiff counters that, when read in the context, especially in light of the various limitations that are expressly placed on severance pay eligibility, the term "may" should be interpreted as "shall." This construction, Plaintiff reasons, is consistent with prevailing Third Circuit law, which does not universally interpret "may" as unambiguously permissive. ECF No. 13 at 2 (citing *Silvis v. Ambit Energy L.P.* 674 F. App'x 164, 167 (3d Cir. 2017) (recognizing

Pennsylvania's rule of construction but noting that the "placement of the word 'may' in the clause . . . renders the scope of that discretion ambiguous")).

At this preliminary stage, the Court finds that the Severance Policy's language plausibly supports the interpretation that the phrase "may be eligible" functions as a conditional guarantee -- meaning an employee qualifies for severance unless one of the specified exclusions applies. The policy first states that full-time salaried employees "may be eligible" upon an involuntary termination that is not for cause; it then explicitly excludes termination due to retirement, disability, resignation, death, plant closures, or business sales. Viewing the language in the light most favorable to Plaintiff, the term "may" could be interpreted as an indication that eligibility is presumptive unless barred by the stated exclusions. The follow-up provision -- which states that eligible employees "will receive" severance under a fixed formula -- lends potential support to this interpretation, as it imposes a mandatory obligation once eligibility is met.

Although Defendant may ultimately prevail in its interpretation of the Severance Pay Policy, the Court is persuaded that Plaintiff has alleged facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). For present purposes, Plaintiff has pointed to a plausible ambiguity in the policy language that may entitle him to severance benefits. Whether he can ultimately prevail on this theory is an issue better resolved on a more fully developed record. *See, e.g., Chambers v. Chesapeake Appalachia, L.L.C.*, 359 F. Supp. 3d 268, 281 (M.D. Pa. 2019) ("Courts are better positioned to tease out ambiguities on summary judgment."); *Cogley v. Allstate Ins. Co.,* Civil Action No. 09-852, 2009 WL 3401719 (W.D. Pa. Oct. 21, 2009) ("The terms of the contract, their meaning and the circumstances surrounding the claim are best determined after discovery has taken place.").

Because Plaintiff's first theory is sufficient to state a plausible claim under the PWPCL, the Court need not presently resolve the merits of his alternative theory. Defendants have contested Plaintiff's second theory on the grounds that any claim for severance benefits under the 2000 Supplemental Employee Agreement is barred by the integration clause in that document and the parol evidence rule. ECF No. 11 at 6-7 (citing authority). Plaintiff responds that the Supplemental Employee Agreement is ambiguous insofar as it references "other good and valuable consideration." ECF No. 13 at 3. "When . . . an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances." *Insurance Adjustment Bureau, Inc. v. Allstate Ins. Co.*, 905 A.2d 462, 468 (Pa. 2006). And determinations about ambiguity are not to be made "in a vacuum"; instead, "contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts." *Madison Construction Co. v. Harleysville Mutual Insurance Co.,* 735 A.2d 100, 106 (Pa. 1999). Thus, the Court will defer resolution of Plaintiff's alternative theory relating to the Supplemental Employee Agreement, pending the parties' development of an evidentiary record.

### V.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss for failure to state a claim will be denied. Defendant may renew its challenges to Plaintiff's PWPWL claim at the summary judgment stage, if the record so warrants. Plaintiff's motion to supplement the pleadings will be dismissed as moot.

An appropriate Order follows.

7

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge